CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 3 1 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID EDWIN SAUNDERS, Plaintiff, | Civil Action No. 7:08cv00431 |
| v. | MEMORANDUM OPINION |
| COL. RONALD MATTHEWS, et al., Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, David Saunders, a Virginia inmate proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. §1983, alleging that his wife's life is in imminent danger. However, the court finds that his allegations fail to state a claim and that he has no standing to bring a claim on behalf of his wife. Therefore, the court dismisses his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

I.

Saunders claims that the life of his alleged wife, Cherisa Saunders, who is also an inmate incarcerated at Albemarle Charlottesville Regional Jail, is in danger. Saunders alleges that a "Hispanic gang" has "issued a contract to kill" Cherisa. He claims that the administration at Albemarle Charlottesville Regional Jail is aware of the matter, but has "done nothing to ensure her safety." By previous order, entered July 22, 2008, the court conditionally filed this matter, directing Saunders to demonstrate his standing to bring this action and advising him that if Cherisa wished to file this action, she needed to sign and submit the pleading in her own name.[1] Saunders responded to the court's order, arguing that his wife's life is still in danger and that he is extremely concerned and "under duress" from the situation.

---

[1] The court also notes that, by conditional filing order, the court advised the Office of the Attorney General of Virginia of Saunders' allegations.

## II.

To state a cause of action under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In this case, although Saunders alleges that he is under duress from his wife's alleged "situation," he has not alleged that he has been deprived of any right guaranteed by the Constitution or laws of the United States and, therefore, the court finds that he has failed to state a claim that his constitutional rights have been violated under § 1983. Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) (finding that the Constitution does not protect against all intrusions on one's peace of mind). Further, to the extent Saunders attempts to bring a failure to protect claim on behalf of his wife, it fails because Saunders does not have standing. Allen v. Wright, 468 U.S. 737, 751 (1984); Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (finding that to state a civil rights claim, one must allege that he, himself, sustained deprivation of right, privilege, or immunity secured by the Constitution or federal law).

## III.

For the reasons stated, the court dismisses Saunders' complaint for failure to state a claim.[2]

**ENTER**: This 31st day of July, 2008.

United States District Judge

---

[2] Plaintiff is advised that under federal law, a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g).